Action Medial Equipment
Department 4590
Carol Stream, IL 60122-4590


Capital One Bank
PO Box 6492
Carol Stream, IL 60197-6492


CitiFinancial Services, Inc
7108 W. Cermak Road Suite A
Berwyn, IL 60402-2121


CitiMortgage
C/o: Hauselman, Rappin & Olswang, LT
39 South LaSalle Street
Chicago, IL 60603


Dyck O'Neal
15301 Spectrum Drive, Suite 450
Addison, TX 75001


Elmhurst Clinic
c/o: MiraMed Revenue Group
Dept 77304, PO Box 77000
Detroit, MI 48277-0304


Elmhurst Hospital
c/o: MiraMed
Dept. 77304, PO Box 77000
Detroit, MI 48277-0304


Elmhurst Hospital
c/o: MiraMed Revenue Group
Dept. 77304, PO Box 77000
Detriot, MI 48277-0304


Fifth Third Bank
Madisonville Operationgs Center
MD 1MOC2G
Cincianatti, OH 45263

Fifth Third Bank
PO Box 630900
Cincianatti, OH 45263


Glass Courts
c/o: Law Office of Joe Cardis, LLC
2006 Swede Road, Suite 100
East Norriton, PA 19401


Goodyear (through CitiBank)
PO Box 653054
Dallas, TX 75265


Home Depot Credit Services (Citibank)
PO Box 653002
Dallas, TX 75265


Home Depot Credit Services (Citibank)
PO Box 183175
Columbus, OH 43218-3175


HSBC
PO Box 2036
Warren, MI 48090


Lombard Animal Clinic
603 S. Main Street
Lombard, IL 60148


Pay Day Loan Store
17W625 Roosevelt Road
Oakbrook Terrace, IL 60181-3545


Springleaf Financial Services of Illinoi
C/o: Louis A. Weinstock & Laura Hrishko
20 North Clark Street, Suite 2600
Chicago, IL 60602

Village of Lombard
255 E. Wilson Avenue
Lombard, IL 60148


Woman's World
PO Box 659450
San Antonio, TX 78265

| United States Bankruptcy Court<br>Northern District of Illinois | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Lane, Kathleen, A.** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Lane, Coy, R.** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all): **3538** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN(if more than one, state all): **2480** |
| Street Address of Debtor (No. & Street, City, and State):<br>**640 N. Edgewood Avenue**<br>**Lombard, IL**<br>ZIP CODE **60148** | Street Address of Joint Debtor (No. & Street, City, and State):<br>**640 N. Edgewood Avenue**<br>**Lombard, IL**<br>ZIP CODE **60148** |
| County of Residence or of the Principal Place of Business:<br>**DuPage** | County of Residence or of the Principal Place of Business:<br>**DuPage** |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11    ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13 |

| | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code.) | Nature of Debts<br>(Check one box)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."    ☐ Debts are primarily business debts. |
|---|---|---|

| Filing Fee (Check one box)<br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| **Voluntary Petition** | Name of Debtor(s) |
|---|---|
| *(This page must be completed and filed in every case)* | **Kathleen A. Lane, Coy R. Lane** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location<br>Where Filed:  **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐  Exhibit A is attached and made a part of this petition. | X _____  **8/5/2011**<br>  Signature of Attorney for Debtor(s)      Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☑  Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑  There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s)<br>**Kathleen A. Lane, Coy R. Lane** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X **s/ Kathleen A. Lane**<br><u>Signature of Debtor    **Kathleen A. Lane**</u><br><br>X **s/ Coy R. Lane**<br><u>Signature of Joint Debtor    **Coy R. Lane**</u><br><br><u>Telephone Number (If not represented by attorney)</u><br>**8/5/2011**<br>Date | X **Not Applicable**<br><u>(Signature of Foreign Representative)</u><br><br><br><u>(Printed Name of Foreign Representative)</u><br><br><br><u>Date</u> |

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X _____<br>Signature of Attorney for Debtor(s)<br><br>**Bar No.**<br>Printed Name of Attorney for Debtor(s) / Bar No.<br><br>**Law Office of Andrew M. Carter**<br>Firm Name<br><br>**127 W. Willow Avenue Wheaton, IL 60187**<br>Address<br><br>**630-462-8071        630-462-0342**<br>Telephone Number<br><br>**8/5/2011**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>**Not Applicable**<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X **Not Applicable**<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | X **Not Applicable**<br><br>_____<br>Date<br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B6A (Official Form 6A) (12/07)

In re:    **Kathleen A. Lane    Coy R. Lane**                                    Case No. _____
                                                                                                      **(If known)**
                        **Debtors**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **640 N. Edgewood Lane, Lombard, IL 60148** | **Fee Owner** | **J** | **$ 110,000.00** | **$ 253,000.00** |
| | Total | ➢ | **$ 110,000.00** | |

(Report also on Summary of Schedules.)

B6B (Official Form 6B) (12/07)

In re   **Kathleen A. Lane   Coy R. Lane** _____,   Case No. _____
                                    **Debtors**                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account at PNC Bank 565 S. York Street, Elmhurst, IL 60126** | J | **435.00** |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Savings Account at PNC Bank 565 S. York Street, Elmhurst, IL 60126** | J | **55.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | **0.00** | J | **0.00** |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Bookshelves ($16.00), Table ($5.00), Microwave Cabinet ($5.00), Shelf unit ($2.00), 3 Dressers ($35.00), End table ($5.00), Cedar Chest ($10.00), Bed ($30.00)** | J | **108.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **Flat Screen TV ($200.00), 2 DVD players ($20.00 total), Home Theater ($50.00), CD player (15.00), PlayStation 3 ($200.00), Coffee Table ($15.00), Sofa ($20.00), Love Seat ($10.00), Chair ($5.00), Lamp ($5.00), 2 Card Tables ($5.00 total), Wall Clock ($1.00** | J | **546.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **Microwave ($15.00), Dishes, Pots, Pans ($20.00), Toaster ($1.00), Waffle Iron ($1.00), Toaster Oven ($2.00), Deep Fryer ($2.00), Rotisserie Oven ($4.00), 3 TV's ($30.00), Battery Reciprocating Saw and Drill ($50.00), Chain Saw ($5.00), Lawn Mower ($25.00)** | J | **155.00** |
| Household goods and furnishings, including audio, video, and computer equipment. | | **Riding Mower** | J | **50.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Painting ($100.00), Collector Plates ($20.00), Baseball Cards ($100.00)** | J | **220.00** |
| 6. Wearing apparel. | | **Clothes** | J | **50.00** |
| 7. Furs and jewelry. | | **0.00** | J | **0.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **BBQ Grill** | J | **30.00** |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | **0.00** | J | **0.00** |
| 10. Annuities.  Itemize and name each issuer. | | **0.00** | J | **0.00** |

**B6B (Official Form 6B) (12/07) -- Cont.**

In re  **Kathleen A. Lane   Coy R. Lane** _____,          Case No. _____
                                     **Debtors**                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | | 0.00 | J | 0.00 |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | 0.00 | J | 0.00 |
| 13. Stock and interests in incorporated and unincorporated businesses.  Itemize. | | 0.00 | J | 0.00 |
| 14. Interests in partnerships or joint ventures.  Itemize. | | 0.00 | J | 0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | | 0.00 | J | 0.00 |
| 16. Accounts receivable. | | 0.00 | J | 0.00 |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | | 0.00 | J | 0.00 |
| 18. Other liquidated debts owed to debtor including tax refunds.  Give particulars. | | 0.00 | J | 0.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | 0.00 | J | 0.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | 0.00 | J | 0.00 |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | | 0.00 | J | 0.00 |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | | 0.00 | J | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | | 0.00 | J | 0.00 |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 Jeep Wrangler given to Amanda Kelly Lane** | J | **3,000.00** |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | **2003 Ford Taurus** | J | **2,000.00** |
| 26. Boats, motors, and accessories. | | 0.00 | J | 0.00 |

**B6B (Official Form 6B) (12/07) -- Cont.**

In re  **Kathleen A. Lane   Coy R. Lane** _____ ,          Case No. _____
                           **Debtors**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 27. Aircraft and accessories. | | **0.00** | **J** | **0.00** |
| 28. Office equipment, furnishings, and supplies. | | **2 Computers ($50.00), Computer Desk ($15.00)** | **J** | **65.00** |
| 29. Machinery, fixtures, equipment and supplies used in business. | | **0.00** | **J** | **0.00** |
| 30. Inventory. | | **0.00** | **J** | **0.00** |
| 31. Animals. | | **0.00** | **J** | **0.00** |
| 32. Crops - growing or harvested.  Give particulars. | | **0.00** | **J** | **0.00** |
| 33. Farming equipment and implements. | | **0.00** | **J** | **0.00** |
| 34. Farm supplies, chemicals, and feed. | | **0.00** | **J** | **0.00** |
| 35. Other personal property of any kind not already listed.  Itemize. | | **Ameriquest Transportation: Possible Refund of Wages Garnishes at 457 Haddonfield Road, Suite 220, Cherry Hill, NJ 08002** | **W** | **1,045.00** |
| Other personal property of any kind not already listed.  Itemize. | | **Thirty Pink Flamingos** | **J** | **15.00** |

            <u>2</u>     continuation sheets attached                    Total   ›          **$  7,774.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re  **Kathleen A. Lane   Coy R. Lane**                              Case No. _____

_____ ,                                        (If known)
Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                              $146,450.*
☐ 11 U.S.C. § 522(b)(2)
☑ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---:|---:|
| **2 Computers ($50.00), Computer Desk ($15.00)** | **735 ILCS 5/12-1001(b)** | **65.00** | **65.00** |
| **2001 Jeep Wrangler given to Amanda Kelly Lane** | **735 ILCS 5/12-1001(b)** | **3,000.00** | **3,000.00** |
| **2003 Ford Taurus** | **735 ILCS 5/12-1001(c)** | **4,800.00** | **2,000.00** |
|  | **735 ILCS 5/12-1001(b)** | **0.00** |  |
| **Ameriquest Transportation: Possible Refund of Wages Garnishes at 457 Haddonfield Road, Suite 220, Cherry Hill, NJ 08002** | **735 ILCS 5/12-1001(b)** | **1,045.00** | **1,045.00** |
| **BBQ Grill** | **735 ILCS 5/12-1001(b)** | **30.00** | **30.00** |
| **Bookshelves ($16.00), Table ($5.00), Microwave Cabinet ($5.00), Shelf unit ($2.00), 3 Dressers ($35.00), End table ($5.00), Cedar Chest ($10.00), Bed ($30.00)** | **735 ILCS 5/12-1001(b)** | **108.00** | **108.00** |
| **Checking Account at PNC Bank 565 S. York Street, Elmhurst, IL 60126** | **735 ILCS 5/12-1001(b)** | **435.00** | **435.00** |
| **Clothes** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |
| **Flat Screen TV ($200.00), 2 DVD players ($20.00 total), Home Theater ($50.00), CD player (15.00), PlayStation 3 ($200.00), Coffee Table ($15.00), Sofa ($20.00), Love Seat ($10.00), Chair ($5.00), Lamp ($5.00), 2 Card Tables ($5.00 total), Wall Clock ($1.00** | **735 ILCS 5/12-1001(b)** | **546.00** | **546.00** |

**B6C (Official Form 6C) (4/10) - Cont.**

In re   **Kathleen A. Lane   Coy R. Lane** _____,   Case No. _____
                                      Debtors                                              (If known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| **Microwave ($15.00), Dishes, Pots, Pans ($20.00), Toaster ($1.00), Waffle Iron ($1.00), Toaster Oven ($2.00), Deep Fryer ($2.00), Rotisserie Oven ($4.00), 3 TV's ($30.00), Battery Reciprocating Saw and Drill ($50.00), Chain Saw ($5.00), Lawn Mower ($25.00)** | **735 ILCS 5/12-1001(b)** | **155.00** | **155.00** |
| **Painting ($100.00), Collector Plates ($20.00), Baseball Cards ($100.00)** | **735 ILCS 5/12-1001(b)** | **220.00** | **220.00** |
| **Riding Mower** | **735 ILCS 5/12-1001(b)** | **50.00** | **50.00** |
| **Savings Account at PNC Bank 565 S. York Street, Elmhurst, IL 60126** | **735 ILCS 5/12-1001(b)** | **55.00** | **55.00** |

*\* Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6D (Official Form 6D) (12/07)

In re  Kathleen A. Lane    Coy R. Lane                        .        Case No.  _____
                    Debtors                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  2008249066<br><br>CitiMortgage<br>C/o: Hauselman, Rappin & Olswang, LT<br>39 South LaSalle Street<br>Chicago, IL 60603 | | J | 05/01/2009<br>Mortgage<br>640 N. Edgewood Lane,<br>Lombard, IL 60148<br><br>VALUE $110,000.00 | | | | 243,000.00 | 0.00 |
| ACCOUNT NO.  02671394<br><br>Springleaf Financial Services of Illinoi<br>C/o: Louis A. Weinstock & Laura Hrishko<br>20 North Clark Street, Suite 2600<br>Chicago, IL 60602 | | J | 07/01/2007<br>Mortgage<br>640 N. Edgewood Lane,<br>Lombard, IL 60148<br><br>VALUE $110,000.00 | | | | 10,700.00 | 0.00 |
| ACCOUNT NO.<br><br>Village of Lombard<br>255 E. Wilson Avenue<br>Lombard, IL 60148 | | J | 01/02/2010<br>Non-Purchase Money Security Agreement<br>640 N. Edgewood Lane,<br>Lombard, IL 60148<br><br>VALUE $110,000.00 | | | | 11,395.38 | 0.00 |
| ACCOUNT NO.<br><br>Village of Lombard<br>255 E. Wilson Avenue<br>Lombard, IL 60148 | | J | 07/13/2011<br>Sewer Bill<br><br>VALUE $0.00 | | | | 32.56 | 0.00 |

1    continuation sheets
     attached

Subtotal  ➢
(Total of this page)                                     $  265,127.94  $        0.00

Total  ➢
(Use only on last page)                                  $              $

(Report also on Summary of   (If applicable, report
Schedules)                    also on Statistical
                              Summary of Certain
                              Liabilities and
                              Related Data.)

**B6D (Official Form 6D) (12/07)- Cont.**

In re  **Kathleen A. Lane    Coy R. Lane**_____ .    Case No. _____

_____ **Debtors**                              **(If known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (See Instructions, Above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br> **Village of Lombard** <br> **255 E. Wilson Avenue** <br> **Lombard, IL 60148** | | J | **01/02/2010** <br> **Assessment Tax** <br><br> **VALUE $0.00** | | | | 11,395.38 | 0.00 |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

Subtotal  ➤ <br> (Total of this page)

Total  ➤ <br> (Use only on last page)

| | |
|---|---|
| $    **11,395.38** | $    **0.00** |
| $    **276,523.32** | $    **0.00** |

(Report also on Summary of Schedules)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

B6E (Official Form 6E) (4/10)

In re  **Kathleen A. Lane    Coy R. Lane**                                    Case No. _____
                                    Debtors                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

❑  **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

❑  **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

❑  **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

❑  **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

❑  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

❑  **Deposits by individuals**

   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

❑  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

❑  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

❑  **Claims for Death or Personal Injury  While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

   * Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

<u>1</u>  **continuation sheets attached**

**B6E (Official Form 6E) (4/10) – Cont.**

In re **Kathleen A. Lane    Coy R. Lane** _____          Case No. _____
                                        Debtors                                              (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | | **$0.00** |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of
Creditors Holding Priority Claims

Subtotals▶
(Totals of this page)   $   **0.00**   $   **0.00**   $   **0.00**

Total ▶
(Use only on last page of the completed Schedule E. Report also on the Summary of Schedules.)   $   **0.00**

Total ▶
(Use only on last page of the completed Schedule E. If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data. )   $   **0.00**   $   **0.00**

B6F (Official Form 6F) (12/07)

In re  **Kathleen A. Lane   Coy R. Lane**                              Case No. _____
                              **Debtors**                                        **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐     Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **8921**<br><br>**Action Medial Equipment**<br>**Department 4590**<br>**Carol Stream, IL 60122-4590** | | **H** | **08/30/2010**<br><br>**Medical Equipment** | | | | **1,471.00** |
| ACCOUNT NO.   **5178-0526-5113**<br><br>**Capital One Bank**<br>**PO Box 6492**<br>**Carol Stream, IL 60197-6492** | | **W** | **Revolving**<br><br>**Credit Card** | | | | **512.94** |
| ACCOUNT NO.   **67130055-0100305**<br><br>**CitiFinancial Services, Inc**<br>**7108 W. Cermak Road Suite A**<br>**Berwyn, IL 60402-2121** | | **W** | **Revolving**<br><br>**Personal Loan** | | | | **8,969.02** |
| ACCOUNT NO.   **135493937**<br><br>**Dyck O'Neal**<br>**15301 Spectrum Drive, Suite 450**<br>**Addison, TX 75001** | | **W** | **11/2009**<br><br>**Personal Laon** | | | | **6,037.44** |
| ACCOUNT NO.   **3709528**<br><br>**Elmhurst Clinic**<br>**c/o: MiraMed Revenue Group**<br>**Dept 77304, PO Box 77000**<br>**Detroit, MI 48277-0304** | | **J** | **11/24/10**<br><br>**Medical Bill** | | | | **131.87** |

      3   Continuation sheets attached

                                                              Subtotal ➤ $            **17,122.27**

                                                              Total ➤ $

                                       **(Use only on last page of the completed Schedule F.)**
                          **(Report also on Summary of Schedules and, if applicable on the Statistical**
                                   **Summary of Certain Liabilities and Related Data.)**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Kathleen A. Lane   Coy R. Lane**                              Case No. _____
                                        Debtors                                           (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **3709528** <br><br>**Elmhurst Hospital** <br>**c/o: MiraMed Revenue Group** <br>**Dept. 77304, PO Box 77000** <br>**Detriot, MI 48277-0304** | | **J** | **09/2009** <br><br>**Medical Bill** | | | | **104.57** |
| ACCOUNT NO.   **3709528** <br><br>**Elmhurst Hospital** <br>**c/o: MiraMed** <br>**Dept. 77304, PO Box 77000** <br>**Detroit, MI 48277-0304** | | **J** | **11/2009** <br><br>**Medical Bill** | | | | **166.00** |
| ACCOUNT NO.   **5858-8323-9810-0121** <br><br>**Fifth Third Bank** <br>**Madisonville Operationgs Center** <br>**MD 1MOC2G** <br>**Cincianatti, OH 45263** | | **H** | **04/20/07** <br><br>**Over draft Protection Account** | | | | **1,690.00** |
| ACCOUNT NO.   **5200-324-033** <br><br>**Fifth Third Bank** <br>**PO Box 630900** <br>**Cincianatti, OH 45263** | | **J** | **06/2011** <br><br>**Over draft fees on bank account** | | | | **839.85** |
| ACCOUNT NO.   **1961080** <br><br>**Glass Courts** <br>**c/o: Law Office of Joe Cardis, LLC** <br>**2006 Swede Road, Suite 100** <br>**East Norriton, PA 19401** | | **J** | **04/10/10** <br><br>**Membership Fee** | | | | **655.00** |

Sheet no. _1_ of _3_ continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal ➤ $ **3,455.42**

Total ➤ $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B6F (Official Form 6F) (12/07) - Cont.

In re  **Kathleen A. Lane   Coy R. Lane**                              Case No. _____
                                                Debtors                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **6035-5101-2444-5671** <br><br> **Goodyear (through CitiBank)** <br> **PO Box 653054** <br> **Dallas, TX 75265** | | W | **Revolving** <br> **Credit Card** | | | | **534.01** |
| ACCOUNT NO.  **6035-3221-3261-3278** <br><br> **Home Depot Credit Services (Citibank)** <br> **PO Box 653002** <br> **Dallas, TX 75265** | | J | **Revolving** <br> **Credit Card** | | | | **1,290.43** |
| ACCOUNT NO.  **6035-3204-9275-3841** <br><br> **Home Depot Credit Services (Citibank)** <br> **PO Box 183175** <br> **Columbus, OH 43218-3175** | | W | **Revolving** <br> **Credit Card** | | | | **2,018.23** |
| ACCOUNT NO.  **35515118** <br><br> **HSBC** <br> **PO Box 2036** <br> **Warren, MI 48090** | | H | **02/2000** <br> **Personal Loan** | | | | **5,162.20** |
| ACCOUNT NO.  **285** <br><br> **Lombard Animal Clinic** <br> **603 S. Main Street** <br> **Lombard, IL 60148** | | J | **09/2010** <br> **Vet Bill** | | | | **742.90** |

Sheet no.  2 of 3 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

Subtotal  ➤  $                **9,747.77**

Total  ➤  $

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

**B6F (Official Form 6F) (12/07) - Cont.**

In re  **Kathleen A. Lane   Coy R. Lane**                                              Case No. _____

                                    **Debtors**                                                              **(If known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (*See instructions above.*) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **PD057-31469-27790001C1** |  | J | 04/2011 |  |  |  | 535.00 |
| **Pay Day Loan Store** **17W625 Roosevelt Road** **Oakbrook Terrace, IL 60181-3545** |  |  | **Paycheck Advance** |  |  |  |  |
| ACCOUNT NO.  **181-477-253** |  | J | Revolving |  |  |  | 257.55 |
| **Woman's World** **PO Box 659450** **San Antonio, TX 78265** |  |  | **Credit Card** |  |  |  |  |

Sheet no.  3 of 3 continuation sheets attached to Schedule of Creditors
Holding Unsecured
Nonpriority Claims

                                                                    Subtotal  ➤  $                 **792.55**

                                                                    Total  ➤  $            **31,118.01**
                                                    **(Use only on last page of the completed Schedule F.)**
                                    **(Report also on Summary of Schedules and, if applicable on the Statistical**
                                           **Summary of Certain Liabilities and Related Data.)**

**Law Office of Andrew M. Carter**
**127 W. Willow Avenue**
**Wheaton, IL 60187**

**630-462-8071**
**Attorney for the Petitioner(s)**

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In Re:
Debtor:  **Kathleen A. Lane**
Social Security Number:  **3538**

Joint Debtor:  **Coy R. Lane**
Social Security Number:  **2480**

Case No:

Chapter  **7**

Numbered Listing of Creditors

| Creditor name and mailing address | Category of Claim | Amount of Claim |
|---|---|---|
| 1. **Action Medial Equipment**<br>**Department 4590**<br>**Carol Stream, IL 60122-4590** | **Unsecured Claims** | **$ 1,471.00** |
| 2. **Capital One Bank**<br>**PO Box 6492**<br>**Carol Stream, IL 60197-6492** | **Unsecured Claims** | **$ 512.94** |
| 3. **CitiFinancial Services, Inc**<br>**7108 W. Cermak Road Suite A**<br>**Berwyn, IL 60402-2121** | **Unsecured Claims** | **$ 8,969.02** |
| 4. **CitiMortgage**<br>**C/o: Hauselman, Rappin & Olswang, LT**<br>**39 South LaSalle Street**<br>**Chicago, IL 60603** | **Secured Claims** | **$ 243,000.00** |
| 5. **Dyck O'Neal**<br>**15301 Spectrum Drive, Suite 450**<br>**Addison, TX 75001** | **Unsecured Claims** | **$ 6,037.44** |

In re:   **Kathleen A. Lane**
**Coy R. Lane**

Case No. _____

| | | |
|---|---|---|
| 6 . | **Elmhurst Clinic**<br>**c/o: MiraMed Revenue Group**<br>**Dept 77304, PO Box 77000**<br>**Detroit, MI 48277-0304** | **Unsecured Claims** | **$ 131.87** |
| 7 . | **Elmhurst Hospital**<br>**c/o: MiraMed**<br>**Dept. 77304, PO Box 77000**<br>**Detroit, MI 48277-0304** | **Unsecured Claims** | **$ 166.00** |
| 8 . | **Elmhurst Hospital**<br>**c/o: MiraMed Revenue Group**<br>**Dept. 77304, PO Box 77000**<br>**Detriot, MI 48277-0304** | **Unsecured Claims** | **$ 104.57** |
| 9 . | **Fifth Third Bank**<br>**Madisonville Operationgs Center**<br>**MD 1MOC2G**<br>**Cincianatti, OH 45263** | **Unsecured Claims** | **$ 1,690.00** |
| 10 . | **Fifth Third Bank**<br>**PO Box 630900**<br>**Cincianatti, OH 45263** | **Unsecured Claims** | **$ 839.85** |
| 11 . | **Glass Courts**<br>**c/o: Law Office of Joe Cardis, LLC**<br>**2006 Swede Road, Suite 100**<br>**East Norriton, PA 19401** | **Unsecured Claims** | **$ 655.00** |
| 12 . | **Goodyear (through CitiBank)**<br>**PO Box 653054**<br>**Dallas, TX 75265** | **Unsecured Claims** | **$ 534.01** |
| 13 . | **Home Depot Credit Services (Citibank)**<br>**PO Box 653002**<br>**Dallas, TX 75265** | **Unsecured Claims** | **$ 1,290.43** |
| 14 . | **Home Depot Credit Services (Citibank)**<br>**PO Box 183175**<br>**Columbus, OH 43218-3175** | **Unsecured Claims** | **$ 2,018.23** |

In re:   **Kathleen A. Lane**
**Coy R. Lane**

Case No. _____

| | | | |
|---|---|---|---|
| 15. | **HSBC**<br>**PO Box 2036**<br>**Warren, MI 48090** | **Unsecured Claims** | **$ 5,162.20** |
| 16. | **Lombard Animal Clinic**<br>**603 S. Main Street**<br>**Lombard, IL 60148** | **Unsecured Claims** | **$ 742.90** |
| 17. | **Pay Day Loan Store**<br>**17W625 Roosevelt Road**<br>**Oakbrook Terrace, IL 60181-3545** | **Unsecured Claims** | **$ 535.00** |
| 18. | **Springleaf Financial Services of Illinoi**<br>**C/o: Louis A. Weinstock & Laura Hrishko**<br>**20 North Clark Street, Suite 2600**<br>**Chicago, IL 60602** | **Secured Claims** | **$ 10,700.00** |
| 19. | **Village of Lombard**<br>**255 E. Wilson Avenue**<br>**Lombard, IL 60148** | **Secured Claims** | **$ 11,395.38** |
| 20. | **Village of Lombard**<br>**255 E. Wilson Avenue**<br>**Lombard, IL 60148** | **Secured Claims** | **$ 32.56** |
| 21. | **Village of Lombard**<br>**255 E. Wilson Avenue**<br>**Lombard, IL 60148** | **Secured Claims** | **$ 11,395.38** |
| 22. | **Woman's World**<br>**PO Box 659450**<br>**San Antonio, TX 78265** | **Unsecured Claims** | **$ 257.55** |

In re:    **Kathleen A. Lane**
          **Coy R. Lane**

Case No. _____

(The penalty for making a false statement or concealing property is a fine up to $500,000 or
imprisonment for up to 5 years or both.  18 U.S.C. secs. 152 and 3571.)


# DECLARATION

I, **Kathleen A. Lane**, and I, **Coy R. Lane**, named as debtors in this case, declare under penalty of perjury that we have read the foregoing Numbered Listing of Creditors, consisting of **3 sheets** (not including this declaration), and that it is true and correct to the best of our information and belief.


Signature:    **s/ Kathleen A. Lane**_____
              **Kathleen A. Lane**

Dated:        **8/5/2011**_____

Signature:    **s/ Coy R. Lane**_____
              **Coy R. Lane**

Dated:        **8/5/2011**_____

B6G (Official Form 6G) (12/07)

In re:  **Kathleen A. Lane    Coy R. Lane**                          Case No. _____
                                     **Debtors**                                                          **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H (Official Form 6H) (12/07)

In re: **Kathleen A. Lane   Coy R. Lane**                    Case No. _____
                              **Debtors**                                              **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**B6I (Official Form 6I) (12/07)**

In re __Kathleen A. Lane Coy R. Lane_____    Case No. _____

**Debtors**    (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): **Daughter** | AGE(S): **20** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Unemployed** | **Unemployed** |
| Name of Employer | | |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

|  | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
| b. Insurance | $ 0.00 | $ 0.00 |
| c. Union dues | $ 0.00 | $ 0.00 |
| d. Other (Specify) | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance (Specify) **Illinois Dept. of Employment Security** | $ 1,848.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify) | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,848.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,848.00 | $ 0.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 1,848.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:

__NONE__

_____

B6J (Official Form 6J) (12/07)

In re __Kathleen A. Lane Coy R. Lane_____,   Case No. _____
                        **Debtors**                                                    (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | | |
|---|---|---:|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ | 1,776.82 |
|    a. Are real estate taxes included? | Yes ✓   No _____ | | |
|    b. Is property insurance included? | Yes ✓   No _____ | | |
| 2. Utilities: a. Electricity and heating fuel | | $ | 300.00 |
|    b. Water and sewer | | $ | 50.00 |
|    c. Telephone | | $ | 169.00 |
|    d. Other **Garbage** | | $ | 15.00 |
|    **House Phone and Internet** | | $ | 90.00 |
| 3. Home maintenance (repairs and upkeep) | | $ | 50.00 |
| 4. Food | | $ | 500.00 |
| 5. Clothing | | $ | 20.00 |
| 6. Laundry and dry cleaning | | $ | 30.00 |
| 7. Medical and dental expenses | | $ | 100.00 |
| 8. Transportation (not including car payments) | | $ | 200.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ | 30.00 |
| 10. Charitable contributions | | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | | |
|    a. Homeowner's or renter's | | $ | 0.00 |
|    b. Life | | $ | 0.00 |
|    c. Health | | $ | 0.00 |
|    d. Auto | | $ | 140.00 |
|    e. Other | | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | | |
| (Specify) | | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | | |
|    a. Auto | | $ | 0.00 |
|    b. Other | | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ | 0.00 |
| 17. Other | | $ | 0.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,470.82 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|    a. Average monthly income from Line 15 of Schedule I | $ | 1,848.00 |
|    b. Average monthly expenses from Line 18 above | $ | 3,470.82 |
|    c. Monthly net income (a. minus b.) | $ | -1,622.82 |

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re  **Kathleen A. Lane   Coy R. Lane** _____,   Case No. _____

Debtors   Chapter   **7** _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $  0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $  0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $  0.00 |
| Student Loan Obligations (from Schedule F) | $  0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E. | $  0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $  0.00 |
| TOTAL | $  0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $  1,848.00 |
| Average Expenses (from Schedule J, Line 18) | $  3,470.82 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $  529.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $  0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $  0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $  0.00 |
| 4. Total from Schedule F | | $  31,118.01 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $  31,118.01 |

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re:   **Kathleen A. Lane**                    **Coy R. Lane**                    Case No. _____

Chapter   **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS:

    1.  Gross Income For 12 Months Prior to Filing:                  $ _____ **0.00**

PART B - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

    2.  Gross Monthly Income:                                                               $ _____ **0.00**

PART C - ESTIMATED FUTURE MONTHLY EXPENSES:

    3.  Net Employee Payroll (Other Than Debtor)          $ _____ **0.00**
    4.  Payroll Taxes                                                          _____ **0.00**
    5.  Unemployment Taxes                                          _____ **0.00**
    6.  Worker's Compensation                                       _____ **0.00**
    7.  Other Taxes                                                        _____ **0.00**
    8.  Inventory Purchases (Including raw  materials)      _____ **0.00**
    9.  Purchase of Feed/Fertilizer/Seed/Spray            _____ **0.00**
  10.  Rent (Other than debtor's principal residence)     _____ **0.00**
  11.  Utilities                                                             _____ **0.00**
  12.  Office Expenses and Supplies                            _____ **0.00**
  13.  Repairs and Maintenance                                   _____ **0.00**
  14.  Vehicle Expenses                                              _____ **0.00**
  15.  Travel and Entertainment                                  _____ **0.00**
  16.  Equipment Rental and Leases                            _____ **0.00**
  17.  Legal/Accounting/Other Professional Fees         _____ **0.00**
  18.  Insurance                                                          _____ **0.00**
  19.  Employee Benefits (e.g., pension, medical, etc.)   _____ **0.00**
  20.  Payments to Be Made Directly By Debtor to Secured Creditors For
       Pre-Petition Business Debts (Specify):
      **None**                                                           _____

  21.  Other (Specify):

      **None**                                                           _____

  22.  Total Monthly Expenses (Add items 3 - 21)                            $ _____ **0.00**

PART D - ESTIMATED AVERAGE NET MONTHLY INCOME:

  23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2)          $ _____ **0.00**

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court

## Northern District of Illinois

In re  **Kathleen A. Lane    Coy R. Lane** _____,        Case No. _____

Debtors

Chapter    _7_ _____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $      110.000.00 | | |
| B - Personal Property | YES | 3 | $        7.774.00 | | |
| C - Property Claimed as Exempt | YES | 2 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $      276.523.32 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $             0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 4 | | $      31.118.01 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $       1,848.00 |
| J - Current Expenditures of Individual Debtor(s) | YES | 2 | | | $       3.470.82 |
| TOTAL | | 19 | $      117,774.00 | $      307,641.33 | |

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re  **Kathleen A. Lane   Coy R. Lane** _____       Case No. _____
                                **Debtors**                                                    **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **21** _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date:  **8/5/2011** _____       Signature:  **s/ Kathleen A. Lane** _____
                                                                     **Kathleen A. Lane**
                                                                                 Debtor

Date:  **8/5/2011** _____       Signature:  **s/ Coy R. Lane** _____
                                                                     **Coy R. Lane**
                                                                     (Joint Debtor, if any)

                                        [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

_Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571._

B7 (Official Form 7) (4/10)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:  **Kathleen A. Lane   Coy R. Lane** _____ ,   Case No. _____

_____ Debtors _____                              (If known)

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **65,301.00** | **Ameriquest**<br>**457 Haddonfield Road**<br>**Suite 220**<br>**Cherry Hill, NJ 08002** | **01/01/09 - 12/31/09** |
| **66,996.00** | **Ameriquest**<br>**457 Haddonfield Road**<br>**Suite 220**<br>**Cherry Hill, IL 08002** | **01/01/10 - 12/31/10** |

### 2.  Income other than from employment or operation of business

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 924.00 | **Illinois Dept. of Employment Security** | **07/22/11 - 07/31/11** |

### 3.  Payments to creditors

*Complete a. or b., as appropriate, and c.*

None
☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**2**

None ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATIO | STATUS OR DISPOSITION |
|---|---|---|---|
| **American General vs. Lane** | **Collection** | **DuPage** | **Judgment** |

None ☐ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Debtor** | **07/01/2011** | **Wage Garnishment: $1,045.00** |

### 5.   Repossessions, foreclosures and returns

None

☐

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **CitiMortgage c/o: Hauselman, Rappin, and Olswang 39 S. LaSalle Chicago, IL 60603** | **09/26/2011** | **$110,000.00** |

### 6.   Assignments and receiverships

None

☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None

☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7.   Gifts

None

☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8.   Losses

None

☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

4

## 9.  Payments related to debt counseling or bankruptcy

None  List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for
☐    consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within
     **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Andrew M. Carter**<br>**127 W. Willow Ave**<br>**Wheaton, IL 60187** | **08/04/11** | **$900.00** |

## 10.  Other transfers

None  a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the
☐    debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case.
     (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint
     petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Amanda Kelly Lane**<br>  **Daughter** | **06/01/2011** | **2001 Jeep Wrangler**<br>**$3,000.00** |

None  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a
☑    self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR INTEREST IN PROPERTY |
|---|---|---|

## 11.  Closed financial accounts

None  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed,
☑    sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking,
     savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks,
     credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors
     filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or
     both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12.  Safe deposit boxes

None  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within
☑    **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13
     must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are
     separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITOR | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13.  Setoffs

None ☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14.  Property held for another person

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15.  Prior address of debtor

None ☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16.  Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a.      List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

6

None ☑ b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑ c.    List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None ☐ a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Creative Occasion Yard Signs** | 2480 | **640 N. Edgewood Lane Lombard, IL 60148** | **Novelty signs** | **01/01/1997** **01/01/2007** |

None ☑ b.    Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|---|---|

* * * * * *

7

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **8/5/2011**                Signature     **s/ Kathleen A. Lane**
                                     of Debtor     **Kathleen A. Lane**

Date  **8/5/2011**                Signature     **s/ Coy R. Lane**
                                     of Joint Debtor     **Coy R. Lane**
                                     (if any)

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

In re _____   **Kathleen A. Lane   Coy R. Lane**   _____      Case No. _____
                                                    Debtors                                                              Chapter 7

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** – Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No.  1 | |
|---|---|
| **Creditor's Name:**<br><br>**CitiMortgage** | **Describe Property Securing Debt:**<br><br>**640 N. Edgewood Lane, Lombard, IL 60148** |

Property will be *(check one)*:
- ☑ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt                    ☑ Not claimed as exempt

| Property No.  2 | |
|---|---|
| **Creditor's Name:**<br><br>**Springleaf Financial Services of Illinoi** | **Describe Property Securing Debt:**<br><br>**640 N. Edgewood Lane, Lombard, IL 60148** |

Property will be *(check one)*:
- ☑ Surrendered          ☐ Retained

If retaining the property, I intend to *(check at least one)*:
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
- ☐ Claimed as exempt                    ☑ Not claimed as exempt

B 8 (Official Form 8) (12/08)                                                                                        Page 2

| Property No. 3 | |
| --- | --- |
| **Creditor's Name:**<br>**Village of Lombard** | **Describe Property Securing Debt:**<br>**640 N. Edgewood Lane, Lombard, IL 60148** |

Property will be *(check one)*:
  ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
  ☐ Claimed as exempt                    ☑ Not claimed as exempt

| Property No. 4 | |
| --- | --- |
| **Creditor's Name:**<br>**Village of Lombard** | **Describe Property Securing Debt:**<br>**Sewer Bill** |

Property will be *(check one)*:
  ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

Property is *(check one)*:
  ☐ Claimed as exempt                    ☑ Not claimed as exempt

| Property No. 5 | |
| --- | --- |
| **Creditor's Name:**<br>**Village of Lombard** | **Describe Property Securing Debt:**<br>**Assessment Tax** |

Property will be *(check one)*:
  ☐ Surrendered        ☑ Retained

If retaining the property, I intend to *(check at least one)*:
  ☐ Redeem the property
  ☐ Reaffirm the debt
  ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f))

B 8 (Official Form 8) (12/08)                                                                                    Page 3

Property is *(check one)*:
☐ Claimed as exempt                           ☑ Not claimed as exempt

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No.  1 | | |
|---|---|---|
| **Lessor's Name:**<br><br>**None** | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES      ☐ NO |

_____0_____  continuation sheets attached *(if any)*

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: **8/5/2011**                               **s/ Kathleen A. Lane**
                                                    **Kathleen A. Lane**
                                                    Signature of Debtor

                                                    **s/ Coy R. Lane**
                                                    **Coy R. Lane**
                                                    Signature of Joint Debtor (if any)

**Form B1, Exhibit C
(9/01)**

# UNITED STATES BANKRUPTCY COURT
## Northern District of Illinois

Exhibit "C"

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property
that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or
safety, attach this Exhibit "C" to the petition.]*

In re:    **Kathleen A. Lane**

        **Coy R. Lane**

                    Debtor(s)

Case No.:

Chapter:    **7**

## Exhibit "C" to Voluntary Petition

1. Identify and briefly describe all real or personal property owned by or in possession of
the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of
imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

**N/A**

_____

_____

_____

_____

2. With respect to each parcel of real property or item of personal property identified in
question 1, describe the nature and location of the dangerous condition, whether environmental
or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the
public health or safety (attach additional sheets if necessary):

**N/A**

_____

_____

_____

_____

B24 (Official Form 24) (12/07)

# UNITED STATES BANKRUPTCY COURT

## Northern District of Illinois

In re    **Kathleen A. Lane    Coy R. Lane**                    ,    Case No. _____

                                              Debtors    Chapter    **7**

## CERTIFICATION TO COURT OF APPEALS
## BY ALL PARTIES

A notice of appeal having been filed in the above-styled matter on _____,
_____, _____, and _____, [*Names of all the appellants and all the appellees, if any*], who are all the appellants [and all the appellees] hereby certify to the court under 28 U.S.C. § 158(d)(2)(A) that a circumstance specified in 28 U.S.C. § 158(d)(2) exists as stated below.

Leave to appeal in this matter ☐  is ☐  is not required under 28 U.S.C. § 158(a).

[*If from a final judgment, order, or decree*] This certification arises in an appeal from a final judgment, order, or decree of the United States Bankruptcy Court for the **Northern District of Illinois** entered on _____ **[Date]**..

[*If from an interlocutory order or decree*] This certification arises in an appeal from an interlocutory order or decree, and the parties hereby request leave to appeal as required by 28 U.S.C. § 158(a).

[*The certification shall contain one or more of the following statements, as is appropriate to the circumstances.*]

The judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for this circuit or of the Supreme Court of the United States, or involves a matter of public importance.

*Or*

The judgment, order, or decree involves a question of law requiring resolution of conflicting decisions.

*Or*

An immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

**B24 (Official Form 24) (12/07) - Cont.**                                                    **Page 2**

*[The parties may include or attach the information specified in Rule 8003(f)(3)(C).]*

Signed: *[If there are more than two signatories, all must sign and provide the information requested below. Attach additional signed sheets if needed.]*

_____
Attorney for Appellant (or Appellant,
if not represented by an attorney)

_____
Printed Name of Signer

**127 W. Willow Avenue**
**Wheaton, IL 60187**
_____
Address

**630-462-8071**
_____
Telephone No.

**8/5/2011**
_____
Date

_____
Attorney for Appellant (or Appellant,
if not represented by an attorney)

_____
Printed Name of Signer

_____
Address

_____
Telephone No.

**8/5/2011**
_____
Date

B202 (Form 202) (08/07)

# United States Bankruptcy Court
## Northern District of Illinois

In re   **Kathleen A. Lane   Coy R. Lane**

Case Number
Chapter   **7**

## STATEMENT OF MILITARY SERVICE

The Servicemembers' Civil Relief Act of 2003, Pub. L. No. 108-189, provides for the temporary suspension of certain judicial proceedings or transactions that may adversely affect military servicemembers, their dependents, and others. Each party to a bankruptcy case who might be eligible for relief under the act should complete this form and file it with the Bankruptcy Court.

### IDENTIFICATION OF SERVICEMEMBER

❑    Self (Debtor, Codebtor, Creditor, Other)
❑    Non-Filing Spouse of Debtor (name)
❑    Other    (Name of servicemember)
               (Relationship of filer to servicemember)
               (Type of liability)

### TYPE OF MILITARY SERVICE

U.S. Armed Forces (Army, Navy, Air Force, Marine Corps, or Coast Guard) or commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration (specify type of service)

❑    Active Service since                                        (date)
❑    Inductee - ordered to report on                           (date)
❑    Retired / Discharged                                    (date)

U.S. Military Reserves and National Guard

❑    Active Service since                                        (date)
❑    Impending Active Service - orders postmarked             (date)
             Ordered to report on                              (date)
❑    Retired / Discharged                                    (date)

U.S. Citizen Serving with U.S. ally in war or military action (specify ally and war or action)

❑    Active Service since                                        (date)
❑    Retired / Discharged                                    (date)

### DEPLOYMENT
❑    Servicemember deployed overseas on                      (date)
            Anticipated completion of overseas tour-of-duty          (date)

### SIGNATURE

**s/ Kathleen A. Lane**                         **8/5/2011**

**Kathleen A. Lane**                           Date

(print name)

*This statement is for information use only. Filing this statement with the Bankruptcy Court does not constitute an application for or invoke the benefits and relief available under the Servicemembers' Civil Relief Act of 2003.*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLUMBIA

In re **Kathleen A. Lane**                                     Case No.
**Coy R. Lane**
Debtors.                                              Chapter      **7**

## Debtor's Statement of Special Circumstances
## Amended - Debtor's Statement of Special Circumstances

I hereby certify under penalty of perjury that the Debtor's Statement of Special Circumstances is true, correct and complete to the best of my knowledge.

Dated: _____        _____

Dated: _____        _____

**Page 1 of 1**

**UNITED STATES BANKRUPTCY COURT**
**Northern District of Illinois**

In re **Kathleen A. Lane**                                    Case No.
**Coy R. Lane**
Debtors.                                                        Chapter   **7**

## Notice to Trustee of Special Circumstances

Dear

        Please be advised that I represent **Kathleen A. Lane    Coy R. Lane**. According to the calculations required
by the Statement of Current Monthly Income and Means Test Calculation, the debtor checked the box on page 1 of
the form indicating that a presumption of abuse arises in this matter. To rebut this presumption, I am writing to
provide you with information supporting the debtor's claim of special circumstances that justify additional expenses
and/or adjustments of current monthly income, and/or to provide documentation for expense items that should be
deducted from my client's current monthly income pursuant to § 707(b)(2)(A)(ii)(I).

## Adjustments of Current Monthly Income

        On Line 12 of Official Form B22A, the debtor stated that his current monthly income is $**529.00**, based on
the definition provided in section 101(10A) of the Code. However, this amount includes income that the debtor did
not actually have at the time his petition was filed, and which the debtor does not currently have. I am enclosing the
Debtor's Statement of Special Circumstances which demonstrates that the debtor's actual monthly income is $ . I
am also enclosing copies of my client's recent payment advices showing his actual income.

## Additional Expenses

        On Line   of Official Form B22A, the debtor listed an expense amount of $ based on the Internal Revenue
Service National or Local Standard for .
I am enclosing the Debtor's Statement of Special Circumstances which demonstrates that the debtor's actual
monthly expense for this item is $ , and that this expense is necessary and reasonable. I am also enclosing
documentation for this expense.

        In Part VII of Official Form B22A, the debtor listed the following additional expenses: .
The debtor listed these items as a monthly expense amount of $**0.00**, though this amount was not deducted from
his current monthly income for purposes of determining the § 707(b)(2) presumption. I am enclosing the Debtor's
Statement of Special Circumstances which demonstrates that these monthly expenses are required for the health
and welfare of the debtor and the debtor's family or for the production of the debtor's income. I am also enclosing
documentation for these expense items.

        If the additional expenses or adjustments to income referred to above are considered in applying the means
test, a presumption of abuse no longer arises in this case. Accordingly, my client requests that in lieu of filing a
motion to dismiss or convert this chapter 7 case under § 707(b), you file a statement with the court, for the reasons
set forth above, that such a motion is not appropriate. If you are in need of any additional information or
documentation, please contact me.

_____

                                                Attorney for Debtor(s)

B 203
(12/94)

## UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois

In re:   **Kathleen A. Lane**          **Coy R. Lane**

Debtors

Case No. _____

Chapter   **7**

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---:|
| For legal services, I have agreed to accept | $ | 1,500.00 |
| Prior to the filing of this statement I have received | $ | 750.00 |
| Balance Due | $ | 750.00 |

2. The source of compensation paid to me was:

   ☑ Debtor          ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☐ Debtor          ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a) Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

   b) Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c) Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d) Representation of the debtor in adversary proceedings and other contested bankruptcy matters;

   e) [Other provisions as needed]

      **None**

6. By agreement with the debtor(s) the above disclosed fee does not include the following services:

   **Representation in Reaffirmation Agreement or Adversary Matters**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **8/5/2011**

_____
, Bar No.

**Law Office of Andrew M. Carter**
Attorney for Debtor(s)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: | Case Number: |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

Telephone number:

☐ Check this box to indicate that this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**      $ _____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** _____
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

**Value of Property:$** _____  **Annual Interest Rate** _____ %

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any: $** _____  **Basis for perfection:**

**Amount of Secured Claim: $** _____  **Amount of Unsecured: $** _____

**5.    Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507(a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)( ).

**Amount entitled to priority**

$ _____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See instruction 7 and definition of "redacted" on reverse side.)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date:

**Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

FOR COURT USE ONLY

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if the trustee or another party in interest files an objection to your claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). If the claim is based on the delivery of health care goods or services, see instruction 2. Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

_____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity owed a debt by the debtor that arose on or before the date of the bankruptcy filing. See 11 U.S.C. §101 (10)

**Claim**
A claim is the creditor's right to receive payment on a debt owed by the debtor that arose on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A lien also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.